## Case No. 4,826.
### FISK et al. v. CHURCH.

[5 Fish. Pat. Cas. 540;[1] 1 O. G. 634.]

Circuit Court, S. D. New York. May 28, 1872.

W. A. Coursen and George Gifford, for complainant.

Stephen D. Law, for defendant.

BLATCHFORD, District Judge. This suit is brought on letters patent granted to the plaintiffs, as assignees of Thomas J. Flagg, the inventor, September 14, 1869, for "an improvement in suspender-ends." The specification says: "My invention consists of a suspender-end, faced with felt, and combined with buckskin, chamois leather, kid, goat-skin, or other strengthening material. In manufacturing my improved article, I prefer to employ a strong, hard felt, such as is used for the manufacture of bonnets, or such as is used in the manufacture of piano-forte hammers. I paste a sheet of strengthening material to a sheet of such felt by means of wheat-flour paste. I press the composite sheet and permit it to dry. I then cut out

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

the suspender-ends from the composite sheet by means of a cutting-die, whose edge corresponds with the outline of the suspender-ends. I also cut a button-hole in one end of the article by means of a cutting-die of the required form. The article is then sewed with lines of stitching by means of a sewing-machine, the effect of which is to improve the appearance of the article and to combine its members securely. * * * In some cases, I manufacture the articles of two thicknesses of felt, with a layer of goat-skin or kid between them; and, in some cases, a single thickness of felt and a single thickness of chamois leather, with a layer of goat-skin or other strengthening material between the two. In either case, I prefer to conduct the manufacture by first producing a composite sheet by pasting the material together. The faces of the articles may be made of any desired color by using felt dyed of that color. I prefer to employ for my manufacture felt produced without spinning and weaving; but felt produced in part by spinning and weaving will answer the purpose, provided the felting process has been effected so thoroughly that the edges of the articles, when cut, do not ravel. * * * Composite felt suspender-ends, made as above described, have the ornamental appearance and freedom from raveling at the edges of a suspender-end composed wholly of felt, and also the advantage that they do not tend to stain the clothing with which the felt face is in contact, even though the suspender-end be wet with perspiration. They possess, in addition, the advantage incident to the strength of the strengthening material with which the felt is combined. * * * I am aware that suspender-ends have been made of two or more thicknesses of various materials, and therefore I do not claim broadly a suspender-end composed of two materials of every description."

The claim is: "The composite felt suspender-end, hereinbefore described, composed of felt combined with a strengthening material, the same being a new article of manufacture."

The answer substantially admits the infringement by the defendant, by the sale by him, as agent of the American Suspender Company, of suspender-ends composed of felt and leather, constructed as described in the patent. Such infringement is also otherwise proved.

The answer sets up prior knowledge and use of the invention by various persons at the city of New York, particularly one Augustus Pototsky, and others connected with him there, and various persons at Waterbury, Connecticut, particularly one John W. Dayton, and others connected with him there. It also sets up that all the knowledge which Flagg had of the invention was obtained by him from Pototsky, and that Flagg was neither an original nor the first inventor of such invention.

·. The questions involved in such defenses are wholly questions of fact on the evidence, in respect to which the burden rests on the defendant to make good the defenses by satisfactory proof. This he has failed to do as to all the points involved. It is satisfactorily shown that Flagg made the invention himself, and without any comunication of it to him by Pototsky, and that he made it as early as the forepart of October, 1868. This was prior to any invention by Dayton at Waterbury. The defendant has not established that Pototsky knew of the invention before it was made by Flagg, or that Pototsky ever made the invention, or that Pototsky did not first learn of it from or through Flagg. It is. enough to state these conclusions. The evidence is voluminous, and no good purpose would be served by a discussion of it in detail.

There must be a decree for the plaintiffs for a perpetual injunction and an account, with costs.